UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ICON LICENSING GROUP, LLC,

                        Plaintiff,

    -v-

INNOVO AZTECA APPAREL, INC., *et al.*,

                        Defendants.

Case No. 04-CV-7888 (KMK)

OPINION AND ORDER

---

APPEARANCES:

Howard Charles Miskin, Esq.
Iwona Anna Stasiewicz, Esq.
Gloria Tsui-Yip, Esq.
Stoll, Miskin & Badie
350 Fifth Avenue, Suite 4710
New York, NY 10118
*Counsel for Plaintiff*

Stacey S. Schwartz, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022
*Counsel for Defendant Innovo Azteca Apparel, Inc.*

James Barnett Sheinbaum, Esq.
Borstein & Sheinbaum
420 Lexington Avenue
New York, NY 10170
*Counsel for Defendant Paul Guez*

KENNETH M. KARAS, District Judge:

Plaintiff Icon Licensing Group, LLC ("Plaintiff" or "Icon") moves to voluntarily dismiss the above captioned matter pursuant to Fed. R. Civ. P. 41(a)(2). For the reasons outlined below, the motion is GRANTED, and the case is dismissed without prejudice.

I. Background

On October 5, 2004, Plaintiff Icon commenced this action against Defendants Innova Azteca Apparel, Inc. ("Innova") and Paul Guez ("Guez"), alleging breach of an oral contract to pay brokerage fees in connection with the licensing of the Elvis Presley name for apparel. The Complaint alleges jurisdiction on the grounds of diversity, pursuant to 28 U.S.C. § 1332, specifically stating that "Plaintiff is a limited liability company organized and existing under the laws of the State of New York with a place of business [in] . . . New York," "[o]n information and belief, Defendant Innovo []is [] a corporation organized and existing under the laws of the state of California, with its principal place of business [in] . . . California," and, "[o]n information and belief, Defendant [] Guez [] is [] an individual residing in and a citizen of, the State of California." (Compl. ¶ 1)

On November 18, 2004, Icon filed a First Amended Complaint, adding as a named Defendant "XYZ Corporation," which is alleged "[o]n information and belief, . . . [to be] an entity organized and existing under the laws of the state of the United States of America having an unknown place of business. XYZ is a fictitious identity for an entity [whose] present identity is currently unknown to Plaintiff." (First Am. Compl. ¶ 1(c)) The First Amended Complaint further alleges that "[o]n information and belief, Defendant [] Guez [] is . . . an officer of XYZ."

2

(First Am. Compl. ¶ 1(d))

Defendant Innova filed an answer to the First Amended Complaint on December 20, 2004. Defendant Guez filed an answer to the First Amended Complaint on January 11, 2005 ("Guez Answer").

On January 10, 2005, Defendant Guez wrote to this Court requesting, in accordance with the Court's individual practices, a pre-motion conference based on his intent to file a motion to dismiss the First Amended Complaint, pursuant to Fed. R. Civ. P. 12(c), based on the Statute of Frauds. (Letter from Leon Baer Borstein, Esq. to the Court of 1/10/05 ("Guez Letter"), at 1) Annexed to the Guez Letter are a copy of the First Amended Complaint (Ex. A), and a copy of the Guez Answer (Ex. B). Notably, the Guez Letter is dated the day *before* the Guez Answer was filed. The Guez Answer has a type-written date of January 7, 2005 (and, according to the affidavit of service, was served on that date), but, as noted above, was filed with this Court on January 11, 2005.[1] Accordingly, it appears that Guez was attaching a copy of the answer he intended to file.

On January 13, 2005, Icon responded to the Guez Letter, opposing the request for a pre-motion conference. Icon explained that "[b]efore Defendant Guez filed his answer, I advised Mr. Guez's counsel that I was preparing a new complaint for filing in California and was going to seek to dismiss the New York action." (Letter from Howard C. Miskin, Esq. to the Court of 1/13/05 ("Plaintiff's 1/13/05 Letter"), at 1) Icon argues that it "recently discovered that an

---

[1] The Court notes that the Guez Answer appears to have been filed out of time. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), "a defendant shall serve an answer within 20 days after being served with the summons and complaint." Here, Guez was served on December 9, 2004, and therefore was required to answer by December 29, 2004.

additional business entity, Blue Concept, LLC, must be added to the action as the alleged owner of the license, and because this business entity is currently doing business in New York, complete diversity is destroyed for purposes of proceeding in Federal court. . . . Therefore, Plaintiff wishes to voluntarily dismiss the complaint in the above captioned action, without prejudice, and file a new action in California State Court." (Plaintiff's 1/13/05 Letter, at 1) The Court memo endorsed that letter, indicating "Plaintiff shall file any voluntary dismissal by January 21, 2005." (Plaintiff's 1/13/05 Letter, at 1) In compliance with this order, on January 21, 2005, Icon filed a motion for voluntary dismissal pursuant to Rule 41(a)(2).

A conference was held on February 7, 2005, and counsel for Plaintiff and for Defendant Innovo appeared. Guez's counsel, however, did not appear at the conference, despite being notified.[2] On February 11, 2005, pursuant to this Court's instructions, Icon submitted a letter clarifying the grounds upon which it was seeking dismissal of this action. (Letter from Howard C. Miskin, Esq. to the Court of 2/11/05 ("Plaintiff's 2/11/05 Letter")) In that letter, Icon provides two explanations for the need to dismiss without prejudice: (1) the absence of personal jurisdiction over Defendant Guez; and (2) the fact that a "new California corporate party will be added to replace an XYZ Corp., which has New York offices [and that] [o]nly after discovery, will we be able to state whether the New York offices are 'principle offices.'" (Plaintiff's 2/11/05 Letter, at 1) The Court memo endorsed the letter, indicating "Defendant Guez is to file

---

[2] On February 2, 2005, the Court issued an order directing the parties to appear at the February 7, 2005 conference. (Document #11) This case is governed by the Electronic Case Filing ("ECF") system, and all attorneys of record receive notifications of ECF-filed documents. In this case, James Barnett Sheinbaum of Borstein & Sheinbaum is registered as counsel of record for Defendant Guez. The only correspondence received from Defendant Guez—the Guez Letter and Guez Answer—are signed by Leon Baer Borstein of the same law firm.

any response to this letter by February 18, 2005." (Plaintiff's 2/11/05 Letter, at 4) No response was received by the February 18, 2005 deadline, and, to date, the Court has received no opposition papers from Guez.³

Thus, while Guez has not consented to the voluntary dismissal, he has filed no papers articulating his opposition. Moreover, the other specifically identified defendant, Innova, does not challenge the voluntary dismissal.

II. Discussion

After service by the adverse party of an answer or a summary judgment motion, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "Voluntary dismissal without prejudice is thus not a matter of right. Factors relevant to the consideration of a motion to dismiss without prejudice include [1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); *see also Catanzano v. Wing*, 277 F.3d 99, 109-10 (2d Cir. 2001); *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996); *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997), *aff'd*, 125 F.3d 845 (2d Cir. 1997); *Ahler v. City of New York*, No. 03 Civ. 0056, 1993 WL 362404, at *1 (S.D.N.Y. Sept.

---

³ Guez's counsel was contacted to confirm that no response was submitted. Guez's counsel indicated that Guez continued to object to the dismissal, but did not intend to file additional documents.

13, 1993).

"Rule 41(a)(2) dismissals are at the district court's discretion and only will be reviewed for an abuse of that discretion." *D'Alto*, 100 F.3d at 283 (citing *Zagano*, 900 F.2d at 14). "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap*, 165 F.R.D. at 588 (citations omitted); *see also Thomas v. New York State Dep't of Corr. Servs.*, No. 00 Civ. 7163, 2004 WL 1871060, at *2 (S.D.N.Y. Aug. 20, 2004) ("Though no factor is dispositive, 'the presumption in this circuit is that a court should grant a [Rule 41(a)(2)] dismissal . . . absent a showing that defendants will suffer substantial prejudice as a result,' and thus 'the focus of the analysis on [this motion] is prejudice to the defendant.'") (quoting *BD ex rel. Jean Doe v. DeBuano, et al.*, 193 F.R.D. 117, 123 (S.D.N.Y. 2000)) (alterations in *Thomas*). "The United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice." *D'Alto*, 100 F.3d at 283 (citing *Jones v. Sec. & Exch. Comm'n*, 298 U.S. 1, 19 (1936) ("The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter.")); *see also Medina v. New York State Dep't of Corr. Servs.*, No. 03 Civ. 9249, 2004 WL 2397193, at *5 (S.D.N.Y. Oct. 26, 2004).

Applying the *Zagano* factors, the Court concludes that dismissal without prejudice pursuant to Rule 41(a)(2) is proper. First, Icon diligently brought the instant motion upon discovering potential jurisdiction problems at the early stages of the litigation. *Cf. Ahler*, 1993

6

WL 362404, at *1 ("The motion to dismiss this federal action was brought only a few months after the action was initiated. Although defendants have answered, they presumably were able to rely on their work in joining issue in the identical state action. There has been no discovery in the federal action. Plaintiff was diligent in bringing the motion during the relatively early stages of the action, and consequently defendants' burden thus far has been minimal.").

Second, there is absolutely no evidence of undue vexatiousness on Icon's part. Icon represents, and Guez does not dispute, that Icon promptly notified Guez of its intent to seek a voluntary dismissal. If anything, the evidence supports the claim that Guez's actions have been vexatious. Upon learning that Icon intended to move for a voluntary dismissal, Guez requested a pre-motion conference and filed an answer, thus precluding Icon from obtaining a voluntary dismissal as of right.[4] Guez has consistently refused to consent, but offered no explanation of prejudice to him from dismissal, or otherwise provided any explanation as to why the motion should not be granted.

The third and fourth *Zagano* factors—"the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial" and "the duplicative expense of relitigation"—also counsel in favor of granting the dismissal. The case is only in its initial stages, and there does not appear to have been any discovery. Defendant Guez's only apparent expenses were incurred in connection with the filing of his answer and pre-motion letter, expenses which could have been avoided given that prior to these actions Icon specifically

---

[4] The timing of Guez's actions is particularly suspect given that Guez filed the pre-motion letter seeking to file a Fed. R. Civ. P. 12(c) motion *prior* to filing his answer with this Court. Prior to filing an answer, Guez could have moved to dismiss under Fed. R. Civ. P. 12(b)(6). However, Guez elected to file an answer and intended to move for dismissal under Rule 12(c).

7

notified Guez of its intention to seek a voluntary dismissal. *Cf. Eberz v. White Directory Publishers, Inc.*, No. 97-CV-0190E(H), 1997 WL 411917, at *1 (W.D.N.Y. July 1, 1997) (noting "that [defendant]—apart from opposing the instant motion—has not expended much effort or money litigating this case").

Finally, Icon has advanced an "adequa[te] . . . explanation for the need to dismiss." Icon provides two explanations of the need for dismissal: (1) the absence of personal jurisdiction over Defendant Guez; and (2) the possibility that the addition of a California corporate party (Blue Concept, LLC) with New York offices will destroy diversity. Icon states that "[i]n view of . . . legal research and investigation on jurisdictional, venue and substantive law supporting its case, Plaintiff has concluded that it would be more favorable for it to file suit in a California state court . . . ." (Plaintiff's 2/11/05 Letter, at 3) These explanations are adequate. While Icon arguably could have identified the personal jurisdictional problem with respect to Guez prior to filing this action, it is not unreasonable for a plaintiff to determine that another forum is preferable after filing a complaint, but during the initial stages of the litigation. This is particularly true in this case given that Guez allegedly entered into an oral contract with Plaintiff Icon, a New York corporation, and, therefore, the facts might support a claim of personal jurisdiction over Guez by virtue of the fact that he "transacts business" in New York. *See* N.Y. C.P.L.R. § 302(a)(1) ("As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state . . . .").

Moreover, in this case Icon discovered, *after* filing the First Amended Complaint, an

8

additional corporate party that potentially destroys diversity. "[C]ourts have recognized that the possibility of commencing another action in state court will not operate as a bar to granting the motion [to voluntarily dismiss] . . . [and] [c]onsistent with this principle, courts have granted a plaintiff's motion for voluntary dismissal in order to join a non-diverse party, thereby defeating the court's subject matter jurisdiction under 28 U.S.C. § 1332." *Mercer Tool Corp. v. Friedr. Dick*, 175 F.R.D. 173, 175 (E.D.N.Y. 1997) (citations omitted).[5] Thus, Icon provides an adequate explanation as to why it prefers to proceed in state court. *See Eberz*, 1997 WL 411917, at *1 (explaining that "the plaintiffs preference for state court for her remaining causes of action—while admittedly subjective—has not been demonstrated to be unreasonable"); *Ahler*, 1993 WL 362404, at *1 ("Although plaintiff was initially concerned about his ability to have this matter properly and fairly tried in State Court, he is now convinced that a trial in the State jurisdiction is in his best interest.") (internal quotations and alterations omitted).

Therefore, the *Zagano* factors counsel in favor of dismissal of the present action without prejudice. In light of the dismissal, Guez's application to file a motion to dismiss pursuant to Rule 12(c) is moot. *See, e.g.*, *Pac. Elec. Wire & Cable Co., Ltd. v. Set Top Int'l, Inc.*, No. 03 Civ. 9623, 2005 WL 578916, at *5 (S.D.N.Y. Mar. 11, 2005) ("The Court first takes up [p]laintiffs' motion to dismiss [pursuant to Rule 41(a)(2)] because a dismissal here moots the other pending motions except [the] sanctions motion."); *Lutts v. Smithkline Beecham Clinical*

---

[5] Arguably, it is true that the fact the proposed additional party has offices in New York may not destroy jurisdiction. Rather, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Plaintiff maintains that "[o]nly after discovery, will we be able to state whether the New York offices are 'principle offices.'" (Plaintiff's 2/11/05 Letter, at 1) Thus, while diversity jurisdiction may ultimately be found to exist, Icon's explanation for seeking a dismissal is adequate.

*Labs., Inc.*, No. 98-CV-660, 1999 WL 102749, at *1 (N.D.N.Y. Feb. 24, 1999) ("All defendants oppose the motion to re-transfer, and [certain] defendants cross-move to dismiss arguing that the statute of limitations bars this action as to them. For the reasons that follow, plaintiff's motion to dismiss the action without prejudice is granted, and all remaining motions are denied as moot.").[6]

III. Conclusion

Plaintiff's motion pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss this action without prejudice is GRANTED. The First Amended Complaint is hereby dismissed

---

[6] Defendant Guez has not made an application for attorneys' fees, and in any event, this Court concludes Guez is not entitled to fees. It is true that "[f]ee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2). The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (internal citations omitted) (emphasis in original). However, "[c]ourts within this circuit have refused to award fees and costs following a Rule 41(a)(2) dismissal absent circumstances evincing bad faith or vexatiousness on the part of the plaintiff." *DeBuono*, 193 F.R.D. at 125.

In this case, attorneys' fees are not warranted. There has been no showing of bad faith or vexatiousness by Icon. Additionally, Defendant Guez has done virtually no work in connection with this action, other than work that was entirely avoidable, as discussed above, and has "not demonstrate[d] that he will likely face duplicative costs if Plaintiff refiles the suit." *ACEquip Ltd. v. Am. Eng'g Corp.*, 219 F.R.D. 44, 46 (D. Conn. 2003). Indeed, much of whatever minimal work Guez has done to date could be used if the action is refiled in California, as Guez has argued that the New York and California statute of frauds are "almost identical." (Guez Letter at 3); *see also Hinfin Realty Corp. v. The Pittson Co.*, 212 F.R.D. 461, 464 (E.D.N.Y. 2002) (explaining that "if the plaintiffs choose to file another lawsuit against [defendant], the grounds likely will be the same, and much of the work already done by [defendant] will be either unnecessary or easy to duplicate"). Thus, particularly given that Guez has not even moved for attorneys' fees, thereby making it impossible to determine the appropriate amount of any such fees, no attorneys' fees will be awarded. *Cf. Universal Marine Med. Supply v. Lovecchio*, No. 98-CV-3495, 1999 WL 441680, at *7 (E.D.N.Y. May 7, 1999) ("This Court cannot, at this juncture, award such fees and costs, as the defendants have not submitted evidence of the costs nor has the plaintiff had an opportunity to respond.").

without prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 26, 2005
New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE